Thank you your honor and may it please the court. Kareem Kenfield for the appellant Corbin Reid. I'd like to reserve three minutes for rebuttal. Mr. Reid alleges that while he was incarcerated in a federal prison, a prison guard repeatedly slammed his head against an iron railing and after he reported the assault that guard and several others retaliated on two separate occasions by placing Mr. Reid in hard restraints for 48 hours with no opportunity to eat sleep or use the toilet. Now I'll begin with the legal issue that this court ordered further briefing on. May Mr. Reid seek damages under Bivens to redress his injuries in particular for his first and eighth amendment claims and the answer is yes. For decades prisoners across the country have been able to bring conventional Bivens actions like Mr. Reid challenging physical abuse by prison guards. Defendants argue that this court's long-standing recognition of those claims must be set aside under the supreme court's Ziegler-Vyabovsky decision but that is incorrect. I'd like to focus on the special factors analysis because that applies to both Mr. Reid's first and eighth amendment claims. The central inquiry under that analysis is whether there are sound reasons to think congress would not want Bivens to exist and in these circumstances there are sound reasons to believe congress would want Bivens released. Now the first reason is that congress itself has preserved and approved prisoner Bivens claims like Mr. Reid's. In the 1996 prison litigation reform act congress addressed what it saw as the central problem with prisoner suits that there were too many unmeritorious filings. It addressed that problem by imposing a number of significant procedural and substantive limitations and requirements for suits such as the three strikes rule PLRA pre-screening and the payment of filing fees. The congress was also very clear that it did not wish to prevent legitimate prisoner claims from going forward so in other words congress struck a careful balance. It calibrated the availability of Bivens release in order to weed out the bad claims but allow the good ones to proceed and defendants now ask this court to second guess that judgment by eliminating Bivens claims entirely but that is exactly what Vyabovsky instructs courts not to do. Defendants also argue PLRA in fact indicates congress's to eliminate Bivens but that just doesn't make sense. The whole point of the PLRA is to establish when prisoners can Bivens lawsuits. As the third circuit put it in its District and Delevy decision rejecting the same argument quote the very statute that regulates how Bivens actions are brought cannot rightly be seen as dictating that a Bivens cause of action should not exist at all. Now your honor another reason that congress would intend Bivens to be available here is that Mr. Reed is bringing a prototypical Bivens suit against low-ranking guards and that means the suit is nothing like the suit in a bossy. In that case the supreme court rejected damages liability against top-ranking executive officials like the attorney general and FBI director in their official response to a terrorist attack. It said that those allowing damages in those circumstances would implicate both national security and considerations of policy but Abbasi specifically distinguished challenges to quote standard law enforcement operations and of course that is exactly the type of challenge Mr. Reed has brought here and the third circuit recognized that distinction in its District and Delevy decision where it reaffirmed that Bivens was available for a prisoner's deliberate indifference claim like Mr. Reed's after Abbasi. Counsel may I interrupt because you're we've read your briefs carefully and and I'm hearing you stress your strengths but I'd like to ask you to turn to some of your weaknesses because that's more meaningful to me. So if we can I know lawyers don't like it when I do this but if we could poke at those it seems to me a problem that you've got on special because the other thing Abbasi talks about is pretty clearly there's a concern about separation of powers and it's not our job to run prisons right so we have to we have that and I grant you that there aren't high level certainly not cabinet level folks involved in this case like there were in in Abbasi but the other thing is that there's other forms of relief here available aren't there this isn't a situation where this person would be turned away can you speak to that please are there other remedies that are adequate here? Absolutely your honor there are no remedies available here that would indicate that congress would not want Bivens to be available which is what the third circuit and its history in case concluded when presented with the same remedies that defendants argue here now the only alternative remedy that Abbasi itself discusses is an equitable remedy like instances of law enforcement overreach because in those cases equitable remedies can not redress the injury only damages can redress the injury and defendants have not disputed that that is the type of claim Mr. Reed has brought. Now defendants primarily emphasize two other remedies first the federal tort claims act but the supreme court has already held in Carlson that FTCA claims do not displace Bivens because congress's intent was quote crystal clear that both FTCA claims and Bivens should be available in these circumstances that they are complementary remedies because only Bivens provides the critical deterrent effect of personal liability and damages and the supreme court has never questioned Carlson's holding in fact in Abbasi itself the plaintiffs acknowledged that they had FTCA claims available but the court did not cite that as an alternative to Bivens moreover congress itself reaffirmed its intent in the 1988 westfall act where it considered the specific question of when federal officers should be liable in damages for actions taken within the scope of their employment and it generally provided absolute immunity to officers from suit from state tort claims but it included an explicit exception that preserved Bivens liability and I think that's critical because the central question posed by Abbasi is would congress intend for the FTCA to replace Bivens and here congress has considered that specific question and given us its answer now the other remedy excuse me I don't hear you talking about the fourth amendment uh that this the uh I think that's the very first assault where the prisoner's head was um allegedly or whether he was beaten against the metal railing and so I'm I'm reading in here that you're in agreement is that right that that that assault should be actionable if at all under the eighth amendment is that right yes your honor Mr. Reed has pleaded that okay I'll take I'll take yes for an answer I'll take yes for an answer now can we talk about the first amendment claim please I think our court has recently declined to extend Bivens to a post Abbasi to a first amendment claim do you want to speak to that yes your honor so this court has addressed the issue in a vega decision but vega is distinguishable in two critical respects the first is as the court itself stated it was not a damages or nothing case because in that case the injury that the petitioner claimed was alleging was that the prisoner had been transferred to a different prison facility and in fact he was able to redress that injury through the prison grievance process and securing his transfer back to the original facility so the court said this is not a case where damages are necessary because he has already solved his own problem through the grievance process but that is not the case here where there were three specific instances of physical abuse that are long over and there is nothing that the grievance process can do to remediate that because it does not authorize damages which is why what if they're all what if forgive me for interrupting what if all three of those instances are redressable under the eighth amendment does that mean we ought not extend Bivens to the first amendment no your honor to the extent that congress would intend for Bivens to be available for an eighth amendment claim there's no reason it would not also intend Bivens to be available for a first amendment claim after all all the harm that's the point right there that's what I mean Abbasi says very clearly that we should be awfully careful in fact it says it uses the word disfavored right when we approach the notion of extending Bivens beyond where it's already been recognized so could you focus right on that that seems to me a very critical point yes your honor the supreme court has instructed that caution must be exercised in this area but it has also emphasized that damages can still be necessary to address the persisting concern of inadequate deterrence which is exactly the type of concern at issue here for perhaps the most serious type of first amendment violations where prison guards abuse their positions in I'd also note your honor in response to your earlier question about intrusion on prison operations I would point the court to the supreme court's Crawford L decision which is cited in the government's brief and our brief because in that case it addressed a very similar concern the defendants there were arguing that there should be a special standard that applies to first amendment retaliation claims because they are more easily alleged and the court said that is exactly the concern that congress has already addressed in the PLRA the whole point of the PLRA was that congress was considering whether prisoners were filing bogus lawsuits and it responded to that concern with a comprehensive legislative solution that imposed numerous disincentives and deterrence but also reflected a congressional judgment that Bivens should still be available so prisoners with legitimate claims in these areas could proceed and so the supreme court what case are you referring to right now Crawford L v Britain your honor yes okay and so the supreme court's conclusion I think is directly relevant here because the court said it is not up to us to second guess how congress has decided to deal with these very concerns that was congress's legislative judgment and we cannot disturb it and of course that is exactly what Abbasi says the court should do in this context as well I'd also just note that claims like Mr. Reed's are nothing new he is this is not going to open the floodgates to some species of litigation he is merely asking the court to retain the status quo that has existed for decades and so as the third circuit said in its distrian decision where prison claims have been available for so long there is simply no reason to believe that they are going to cause any undue disruption of executive functioning and defendants have not pointed to any such evidence here as to the first amendment are you asking for preservation of the status quo yes your honor this court has recognized first amendment retaliation claims since its 1986 decision in Gibson these claims have been available for many years and in fact when congress legislated in the PLRA these types of claims were available across the country so congress certainly would have had them in mind when it decided to retain Bivens and not necessarily did let me let me ask you this has the supreme court ever recognized a first amendment Bivens claim no your honor okay I appreciate your candor thank you very much your honor did you want to take some time for rebuttal counsel yes your honor thank you you're welcome we'll hear from opposing counsel please thank you your honor I may please the court life of revolt with the department of justice I'd like to just start by clarifying a distinction between the three categories of claims we have in this case we have the first amendment Bivens claims that the district court did address and concluded the Bivens remedy would not be extended to which is consistent with this court's decision in Buen Rostro and also the consensus of the courts of appeals following a bossy they're all also the eighth amendment claims which the district court dismissed largely on screening grounds which the parties have briefed the Bivens question consistent with this court's screening order and then we have the FTCA claims that the plaintiff's doctrine below as well which don't raise any questions regarding the essential Bivens remedy of course but were dismissed based on a failure to plead exhaustion and I would like to start with the first amendment claims the district court did determine that you could not extend the Bivens remedy to these claims and that is that is the correct determination based on the fact that they do arise in a new claim in this area as well as other other special factors including the PLRA and the particular features that first amendment claims the particular consideration that they create in the prison context and just on the last point the Bistrian case that the plaintiff cites as supporting the notion that you can extend the Bivens remedy to these claims without raising any concerns in fact rejected extending the remedy to first amendment claims noting some of the same problems with disruption that we've identified in our brief what if there were a first amendment I have two follow-up questions on that counsel if I might has any circuit extent post-Abbasi is any circuit extended the first amendment uh Bivens to the first amendment I am not aware of a decision me either okay so then my next question is what if we had a situation where um the retaliation um because it seems to me let me just back up it seems to me that if we decide that all three instances are addressable only under the eighth amendment then there is something lost in the first amendment retaliation claim that perhaps is not vindicated maybe because of the retaliatory nature of the allegations so um I'm I'm I'm wondering about that if you can think of a hypothetical where the retaliation is not physical punishment but perhaps denial of I don't know family visits or access to the law library or something that doesn't involve um physical uh punishment um in that situation should we uh would it be appropriate to extend Bivens I don't think so because the FDCA and uh any you know remaining Bivens claims that that might be available are only one avenue for redress uh the administrative remedy program does allow a prisoner to bring any grievance relating to the condition that is confinement to the supreme court certainly has not looked only for other avenues of redress that provide monetary compensation right counsel but in this case and I'm sure you appreciate the difficulty is you know telling this person who who filed an administrative grievance and then allegedly suffered three really serious um consequences physically abused three times particularly because he did that it strikes me as a pretty um anemic for us to say oh you know file another administrative grievance in this case I mean he's got a strong argument that that that that the administrative grievance process was literally unavailable to him doesn't he I think one the plaintiff here has not alleged that he in fact was deterred from filing grievances we know that he did file a number of grievances uh in this case and the grievance program itself has provisions for to the extent uh a person reasonably believes that filing the grievance in his home institution will lead to threats to his safety or welfare there are provisions for filing it with the regional director in the first instance and of course to the extent there is this pattern of conduct we do have the injunctive relief other possible avenues for seeking redress in connection with a sustained pattern of actions that violates the first amendment for example which Abbasi tells us that sort of alone may be enough just that avenues for injunctive relief so it's not it wouldn't be injunctive relief to talk about you know the the medical program or the or the meals that are available or not available this what would the injunctive relief be quit violating the prison prisons you know they have BOP has rules about the degree of force to be used and his position his allegations are that there were a few individual um actors who were very maliciously uh disregarding those rules so again what what would an injunction do here if there's no we're trying to deter individual misconduct is that's what he's trying to do anyway the point i'm making is to the extent he's now arguing on appeal that there was sort of some sort of sustained um action that was making the administrative remedy program unavailable to him there are injunctive avenues to address that sort of but what are they counsel would be he's he's been assaulted three times allegedly we don't know but allegedly assaulted three times with the so there'd be nothing to read an injunction that says don't do that again if there were a pattern of retaliation for using the administrative remedy program for example i mean the mayor itself is that's that's obviously in the age management context but that's an action in which the defendants sought injunctive relief for uh what was found there to be a pattern of uh prison not so in its own procedures so to the extent there is this sustained pattern which we don't have here which undermines the notion that the administrative remedy program is not available to him but if there were that sustained pattern then injunctive relief is another possible avenue and the one other point i would make is that again the supreme court is clear that we have to take together all the the constellation of safeguards and other alternative remedies and they have not pointed to any other case from the supreme court we have anywhere as robust a constellation and that was not considered enough to uh give a court pause in extending the the divans remedy um why would we not recognize the eighth amendment claim here so on the eighth amendment claims they do present a new context from the medical claims that were recognized in carlson uh in abasi again in hernandez the supreme court has clearly described the claim to which is extended a remedy in carlson as medical claims here the the claims also arise under the eighth amendment but they pose distinct concerns relating to the need to impose security in the institution respond to safety threats uh all concerns that are just absent in the medical context and that's again lamar has recognized that in uh the claims relating to the application of restraints it faced these are different concerns and abasi tells us a modest extension is still an extension and you just need to look for a meaningful difference so the the fact that the claims are not medical do in the connection with the excessive force claims arise under a different standard the intentional ones and infliction of pain standard those are meaningful differences such that there's a new context and then you have to consider all the special factors another alternative remedy is available to the the prisoner in this case what if these prison officials this hypothetical had waterboarded mr reed would that state of bivens eight come in that claim it would still present a new context for many of the remedies any of the cases in which the supreme court has recognized a bitman's claim that that's obviously not what we have here where there are allegations of force used but where we have no sort of factual allegations on its connection to any sort of security measure uh so i you know i don't think that that is that this case at all and uh obviously there would be any number of alternative avenues that would be pursued if that sort of thing happened in a do pieces well what are reed's administrative alternatives what are so as to the eighth amendment he has he to the extent uh he is alleging actions that outside the scope of their duties he has the the remedies under state tort law itself he has the option through the administrative remedy program to raise issues for investigation and to the extent serious misconduct is alleged that you know the the administrative remedy program allows that to be brought to the attention of the institution and remediated that way um and of course to the extent it is a pattern of misconduct he has the injunctive other habeas relief that the supreme court specifically noted in uh in abasi as another alternative um i would like to touch just as another special factor which applies both to the first amendment and the eighth amendment claims here uh the plra to the extent it did anything relevant here it did not extend a damages remedy to bop officials for constitutional violations the notion that just because it did not expressly abrogate carlson we have to read into it an extension of carlson to any number of contexts that the supreme court did not consider in that case that's just inconsistent with the approach the supreme court has made clear we have to take to these cases um as the supreme court and hernandez just just recognized with respect to a similar argument made regarding the westfall acts allowing not providing the ftca's exclusive provision to apply to bivens claims that just leaves in place bivens where it found it without granting any sort of authority to extend uh so the plra particularly in the context of sustained congressional action in the area of uh prison conditions and the remedies available to them the remedies available to prisoners is a factor of counseling against extending the bivens remedy to any new context as again the supreme court at least suggested was the the case in abasi even though it did not conclusively resolve that question and then i could if i could just on the ftca claims the plaintiff does not allege on appeal that the district court committed any error in concluding that he he had failed to allege exhaustion which is unfortunate he notes on appeal that uh he he could have alleged exhaustion uh but that does sort of reflect the tough that i think the district court was in here that he did identify defects in the pleadings explains in fairly extensive detail what was needed to address them and the plaintiff declined and chose to stand on his complaint so as to the the screening aspects of the decision um the district court correctly allowed the plaintiff to elect to stand up his complaint uh so it's not sort of noted on appeal any issues with the the determination made as to the ftca claims notwithstanding counsel could i get you to forgive me could i get you to just repeat that last point because you froze for just two seconds uh and i might have missed a little bit go ahead sure just that that reflects that there were aspects of the screening decision where the district court did identify a clear defect there's no dispute that under the case law of this court uh the plaintiff does have to allege exhaustion under the ftca in a way that's not the case under the the plra and it was you know if he was notified of that defect and did not correct it notwithstanding his position on appeal that he would be able to if he did thank you uh and just i guess to return on the the eighth amendment's uh claim we have briefed at the court's invitation we do think that there's a number of the considerations that the um have led the courts to not extend the dimmins remedy as the first amendment claims brought in the prison context do extend to the eighth amendment claims as well it's difficult given the focus that the supreme court has put on the medical nature of the claims in carlson to say that they don't arise in a new context here and then whether the dimmins should be extended is a question with who decides question in which the answer is usually congress if the court has no no further questions we would ask that the district be averse appears not thanks so much for your argument council any rebuttal yes your honor just a few points um first i could start with the amendment retaliation claims and how they interact with the plra the government has pointed out that the plra and the westfall act were not intended to extend bivens release beyond where it existed at that time but they have not denied that bivens claims just like mr reeds were already widely available throughout the country recognized by a majority of courts of appeals without dissent and that was that conclusion was fully consistent with the broad reasoning of carlson and the supreme court's 1992 mccarthy v madigan decision which reaffirmed that bivens was available and held that the administrative remedy program did not displace it now this is important because the supreme court has stated on several occasions including in the congress is aware of broadly um unanimous court of appeals precedent when it when it uh legislates and that was certainly true here where everyone agrees congress was specifically focused on the types of prisoner bivens claims that were available including first amendment claims and that's why congress in fact approved those claims and as the supreme court again stated in its crawford l decision it addressed these exact same concerns which by the way the court also said are overblown because in the ordinary course insubstantial first amendment claims excuse me first amendment retaliation claims do not pose any special burden on courts and can be dismissed at the summary disposition stage as also i'll just mention as far as the bitstream decision although it did find there was no first amendment retaliation claim there that was in the court's view because he was attacking the prison policy which is not allowed under a bossy and it specifically distinguished the incidence of specific physical abuse that were available under your honor as far as the eighth amendment and the new context inquiry i think a crucial point there is that the government is relying on differences between this case and carlson that were also present in a bossy itself because in that case it was also a prisoner abuse conditions confinement case and yet when the court analyzed the new context inquiry as to the prison warden it did not identify the fact that it was physical abuse and not medical treatment to make it a new context and so certainly if the court in a bossy didn't identify it that indicates that it's not a meaningful difference and finally your honor i'd just like to emphasize how sweeping the government's position is here because adopting their arguments would mean that in the future guards can physically abuse prisoners knowing the prisoners will not be able to sue them for anything and that no court will ever adjudicate the constitutionality of their claims that is not the result that congress intended and this court should reaffirm the core first and eighth amendment prisoner bivens claims remain available thank you thank you both for your excellent arguments you've helped us flesh out a really important area and we appreciate it very much and in particular mr kemple that we want to thank you for participating in the pro bono program appreciate all your efforts thank you both we'll go ahead and take this case under advisement and that concludes our arguments for today so we'll stand and recess thank you
judges: Hawkins, Christen, Bataillon